USDC SCAN INDEX SHEET

















GEP    9/28/04    14:12

3:04-CV-01954    FEEZOR V. DE-JESUS

*1*

*CMP.*

ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA 95926
4  (530) 895-3252
5
   Attorney for Plaintiff
6



7

8

9            THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  LARY FEEZOR                          No.
                                         
13       Plaintiff,                      04 CV 1954        JAH (JFS)

14       vs.                             **COMPLAINT FOR
                                         DECLARATORY, INJUNCTIVE,
15                                       AND MONETARY RELIEF:**
    CAROLINA LOPEZ DE-JESUS              • Americans With Disabilities Act
16  dba 7-ELEVEN #13570; 7-              • Disabled Persons Act
    ELEVEN INC.; ADEL YALDA; and         • Unruh Civil Rights Act
17  DOES 1 through 10,                   • Health and Safety Code Part 5.5
18                                       • Unfair Business Practices Act
         Defendants.                     • Negligence
19

20

21

22

23

24

25

26

27

28

---

**Plaintiff's Complaint**                    Feezor v. Carolina Lopez De-Jesus, et al.

                          Page 1

# I. INTRODUCTION

1.   This is a civil rights action by Plaintiff, LARY FEEZOR ("Feezor") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

  7-Eleven #13570
  285 Broadway
  Chula Vista, CA 91910

  (the "Store")

2.   Feezor seeks compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against CAROLINA LOPEZ DE-JESUS dba 7-ELEVEN #13570; 7-ELEVEN INC.; ADEL YALDA; and DOES 1 through 10, ("collectively, 7-Eleven") pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]
- The Unfair Business Practices Act;[5] and
- Negligence.[6]

---

[1]  42 USC §12101 *et seq.*
[2]  California Health and Safety Code §§19955 *et seq.*
[3]  California Civil Code §§51 *et seq.*
[4]  California Civil Code §§54 *et seq.*
[5]  California Business and Professions Code §§17200 *et seq.*
[6]  California Civil Code §1714.

**Plaintiff's Complaint**                                    **Feezor v. Carolina Lopez De-Jesus, et al.**

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5.    Feezor's claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

7.    Feezor is a paraplegic as the result of an automobile accident. Feezor requires the use of a wheelchair and a mobility-equipped vehicle, when traveling about in public.

8.    Consequently, Feezor is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

9.    7-Eleven consists of owners, operators, lessors and/or lessees of the Store.

10.    7-Eleven also consists of a person or persons, firm or corporation.

11.    On information and belief, Feezor alleges a joint venture and common enterprise by all defendants.

12.    On information and belief, Feezor alleges each defendant conspired to commit the acts described herein.

**Plaintiff's Complaint**                    **Feezor v. Carolina Lopez De-Jesus, et al.**

13.     On information and belief, Feezor alternatively alleges that each defendant aided and abetted one another in the wrongful acts hereinafter alleged.

14.     On information and belief, Feezor alleges each defendant is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of other defendants. Accordingly, each defendant was acting, or failing to act, within the scope of their authority.

## V. FACTS

15.     The Store is a commercial facility, place of public accommodation, public facility, and/or other place that the general-public is invited, which was constructed with private funds.

16.     7-Eleven and Feezor know that areas of the Store are inaccessible to the physically disabled.

17.     7-Eleven has the financial resources to make the Store accessible to the physically disabled without much difficulty or expense by removing architectural barriers and modifying policies and procedures.

18.     Feezor visited the Store and actually encountered architectural barriers that denied him full and equal access.

19.     Attached as Exhibit A is a true and accurate list, to the extent known by Feezor, (with photos) of the barriers that denied him access to the Store, or which he seeks to remove on behalf of others under related state statutes.

**Plaintiff's Complaint**                                    **Feezor v. Carolina Lopez De-Jesus, et al.**

20.   Feezor was denied the full and equal access (as required by United States and California statutes) during each visit to the Store.

21.   Despite these visits, Feezor was also deterred from visiting the Store, because of actual knowledge that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Store was not available to physically disabled patrons.

22.   Feezor has suffered, or anticipates suffering, emotional and physical harm during each actual visit to the Store, or incident of deterrence.

23.   Feezor would visit the Store, but for the future threat of discrimination by 7-Eleven.

24.   Because of 7-Eleven's acts and omissions, Feezor suffered physical discomfort and injury, emotional distress, and mental suffering and distress.

25.   All injuries suffered by Feezor are expectedly and naturally associated with the denial of equal access to the Store due to 7-Eleven's acts and omissions.

## VI. FIRST CLAIM
### Americans with Disabilities Act of 1990

26.   Feezor incorporates the allegations contained in paragraphs 1 through 25 for this claim.

27.   Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

1    28.    7-Eleven discriminated against Feezor by denying full and
2  equal enjoyment to goods, services, facilities, or accommodations,
3  during every visit to the Store.
4    29.    To date, 7-Eleven has not made the Store readily
5  accessible under Title III of the ADA.[7]

**Readily Achievable Barrier Removal/**

**Alternative Methods**

42 U.S.C. §§12182(b)(2)(A)(iv),(v)

9    30.    The ADA specifically prohibits failing to remove
10 architectural barriers, which are structural in nature, in existing
11 facilities where such removal is readily achievable.[8]
12    31.    When an entity can demonstrate that removal of a barrier
13 is not readily achievable, a failure to make goods, services, facilities,
14 or accommodations available through alternative methods is also
15 specifically prohibited if these methods are readily achievable.
16    32.    Readily achievable is defined as, "easily accomplishable
17 and able to be carried out without much difficulty or expense."[9]
18    33.    Feezor alleges that it is readily achievable for 7-Eleven to
19 remove the architectural barriers at the Store under the standards set
20 forth in the ADA.
21    34.    7-Eleven violated the ADA by failing to remove the
22 architectural barriers that were present at the Store, when it was
23 readily achievable to do so.
24    35.    In the alternative, if it was not "readily achievable" for 7-
25 Eleven to remove the architectural barriers at the Store, then 7-

---

[7] 42 U.S.C. §12181 *et seq.*
[8] 42 U.S.C. §12182(b)(2)(A)(iv).
[9] 28 C.R.F. §36.304(a).

Plaintiff's Complaint                     Feezor v. Carolina Lopez De-Jesus, et al.

1 | Eleven violated the ADA by failing to make the required services
2 | available through alternative methods, which were readily achievable.

### Design and Construction

42 U.S.C. §12183(a)(1)

36.   The ADA also prohibits: A failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to, and usable by, individuals with disabilities when it is structurally practicable to do so.[10]

37.   On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

38.   7-Eleven violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public (including Feezor) when it was structurally practical to do so.

### Alterations

42 U.S.C. §12183(a)(2)

39.   The ADA also requires that: When a facility (or part thereof) is altered in a manner that affects (or could affect) its usability it must be altered in a manner that is readily accessible to individuals with disabilities to the maximum extent feasible.[11]

40.   If the alteration affects (or could affect) access to a primary function at the facility, then the responsible entity shall ensure that the path of travel, bathrooms, telephones, and drinking

---

[10] 42 U.S.C. §12183(a)(1).
[11] 42 U.S.C. §12183(a)(2).

**Plaintiff's Complaint**                    **Feezor v. Carolina Lopez De-Jesus, et al.**

1  fountains serving the altered area are readily accessible the
2  maximum extent feasible.[12]

3      41.    On information and belief, the Store was modified after
4  January 26, 1992, independently triggering access requirements
5  under the ADA.

6      42.    7-Eleven violated the ADA by altering the Store in a
7  manner that was not readily accessible to the physically disabled
8  public (including Feezor) to the maximum extent feasible.

9

10                      **Policy and Practices**
11                  42 U.S.C. §12182(b)(2)(A)(ii)

12      43.    The ADA also specifically prohibits: A failure to make
13  reasonable modifications in policies, practices, or procedures, when
14  necessary to afford such goods, services, facilities, or
15  accommodations to individuals with disabilities, unless the entity can
16  demonstrate that making such modifications would fundamentally
17  alter their nature.[13]

18      44.    7-Eleven violated the ADA by failing to make reasonable
19  modifications in policies, practices, or procedures (e.g. placement of
20  movable displays) when these modifications were necessary to
21  afford, and would not fundamentally alter the nature of, these goods,
22  services, facilities, or accommodations.

23      45.    Feezor seeks all relief available under the ADA (i.e.
24  permanent or temporary injunction, restraining order, or other order)
25  to address these violations.[14]

26

27
      _____
28  [12]  42 U.S.C. §12183(a)(2).
      [13]  42 U.S.C. §12182(b)(2)(A)(ii).
      [14]  42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C. §2000a-3(a)).

**Plaintiff's Complaint**                    **Feezor v. Carolina Lopez De-Jesus, et al.**

46.    Feezor also seeks a finding from this Court—declaratory relief—that 7-Eleven violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

47.    Feezor also seeks attorney fees and costs under the ADA.

## VII. SECOND CLAIM

### Disabled Persons Act

Civil Code §§54 *et seq.*

48.    Feezor incorporates the allegations contained in paragraphs 1 through 44 for this claim.

49.    California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.[15]

50.    California Civil Code §54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.[16]

51.    Both sections specifically incorporate (by reference) an individual's rights under the ADA.[17]

52.    7-Eleven discriminated against the physically disabled public (including Feezor) by denying them full and equal access to the Store.

---

[15]  California Civil Code §54(a).
[16]  California Civil Code §54.1(a)(1).
[17]  Civil Code §54(c), §54.1(d).

Plaintiff's Complaint                                    Feezor v. Carolina Lopez De-Jesus, et al.

53.   Thus, Feezor's rights under the Disabled Persons Act were infringed upon and/or violated by 7-Eleven.

54.   7-Eleven also violated the Disabled Persons Act by infringing upon and/or violating Feezor's rights under the ADA.

55.   <u>For each offense</u>, Feezor seeks actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

56.   Feezor also seeks general and special damages, declaratory relief and any other remedy available under California Civil Code §54.3.

57.   Feezor also seeks to enjoin 7-Eleven from violating the Disabled Persons Act (and ADA) under California Civil Code §55.

58.   Feezor also seeks recovery for all reasonable attorneys' fees incurred under California Civil Code §54.3, and §55.

59.   Finally, this lawsuit will benefit the public by compelling 7-Eleven to make the Store accessible to the physically disabled public—thus, justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act
Civil Code §§51 *et seq.*

60.   Feezor incorporates the allegations contained in paragraphs 1 through 44 for this claim.

61.   The Unruh Act states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal

1   accommodations, advantages, facilities, privileges, or services in all
2   business establishments of every kind whatsoever.[18]

3       62.   The Unruh Act also states, in part, that: No business
4   establishment of any kind whatsoever shall discriminate against any
5   person in this state because of the disability of the person.[19]

6       63.   The Unruh Act also specifically incorporates (by
7   reference) an individual's rights under the ADA.[20]

8       64.   7-Eleven's aforementioned acts and omissions denied
9   the physically disabled public (including Feezor) full and equal
10  accommodations, advantages, facilities, privileges and services in a
11  business establishment (because of their physical disability) in
12  violation of the Unruh Act.

13      65.   These aforementioned acts and omissions (including the
14  ones that violate the ADA) denied, aided or incited a denial, or
15  discriminated against Feezor by violating the Unruh Act.

16      66.   Feezor was damaged by 7-Eleven's wrongful conduct,
17  and seeks all available relief under Civil Code §52.

18      67.   This relief includes actual damages and any amount as
19  may be determined by a jury, or the court sitting without a jury, up to
20  a maximum of three times the amount of actual damages but in no
21  case less than four thousand dollars ($4,000) for each offense.[21]

22      68.   Feezor also seeks to enjoin 7-Eleven from violating the
23  Unruh Act (and ADA), and recover reasonable attorneys' fees and
24  costs incurred under California Civil Code §52(a).

25

26  [18]  California Civil Code §51.
27  [19]  California Civil Code §51.5.
    [20]  California Civil Code §51.
28  [21]  California Civil Code §52(a); this relief includes statutory minimum damages for each actual
          visit and incident of deterrence.

**Plaintiff's Complaint**                    **Feezor v. Carolina Lopez De-Jesus, et al.**

69.    Finally, Feezor's lawsuit is intended to compel 7-Eleven to make the Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## IX. FOURTH CLAIM
### Denial of Full and Equal Access to a Person with Physical Disabilities in a Public Facilities
Health and Safety Code Part 5.5

70.    Feezor incorporates the allegations contained in paragraphs 1 through 25 for this claim.

71.    Health and Safety Code §19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

72.    Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

73.    On information and belief, Feezor alleges the Store was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

74.    In the alternative, on information and belief, Feezor alleges the Store was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

75. The Store is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

76. 7-Eleven's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Feezor and other persons with physical disabilities.

77. Accordingly, Feezor seeks injunctive relief under Health and Safety Code §19953.

78. Feezor also incurred legal expenses in order to enforce Government Code §§4450 *et seq.* or Health & Safety Code §§19955 *et seq.*

79. Therefore, Feezor seeks attorneys' fees under to Health and Safety Code §19953.

80. Finally, Feezor's lawsuit is intended to compel 7-Eleven to make the Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## X. FIFTH CLAIM

### Unfair Business Practices Act

Business and Professions Code §§17200 *et seq.*

81. Feezor incorporates the allegations contained in paragraphs 1 through 80 for this claim.

82. California Business and Professions Code §17203 states, in part, that: Any person who engages, has engaged, or proposes to

---

[22]  Health and Safety Code §19955(a).

**Plaintiff's Complaint**                    **Feezor v. Carolina Lopez De-Jesus, et al.**

1 engage in unfair competition may be enjoined in any court of
2 competent jurisdiction.

3     83.   "Unfair competition" includes any unlawful business act or
4 practice.[23]

5     84.   7-Eleven's business practices were "unlawful" in that they
6 violated applicable California and United States laws (identified
7 above).

8     85.   7-Eleven's unlawful business practices denied the
9 physically disabled public (including Feezor) full and equal access to
10 the Store.

11     86.   Therefore, as long as Feezor has standing under Article
12 III, he seeks injunctive relief to end 7-Eleven's unlawful acts (i.e.,
13 remove all barriers identified in Exhibit A) on behalf of his own
14 interests and those interests of the disabled public.

15 XI. SIXTH CLAIM
16 **Negligence Per Se**
17 California Civil Code §1714

18     87.   Feezor incorporates the allegations contained in
19 paragraphs 1 through 86 for this claim.

20     88.   7-Eleven had a duty to comply with the aforementioned
21 California and United States laws or regulations (or both).

22     89.   These aforementioned laws and regulations, violated by
23 7-Eleven, were adopted to protect the class of physically disabled
24 persons (including Feezor) from injury.

25     90.   This violation was the proximate cause of Feezor's
26 aforementioned injuries.

27
28

---

[23] California Business and Professions Code §17200.

**Plaintiff's Complaint**         **Feezor v. Carolina Lopez De-Jesus, et al.**

91.   Feezor suffered physical and emotional injuries resulting from an occurrence (the nature of which) these laws or regulations were designed to prevent.[24]

92.   7-Eleven knew (or should have known) that the physically disabled individuals (including Feezor) were denied full and equal access to the Store.

93.   Despite this knowledge, 7-Eleven refused to comply with the aforementioned laws and regulations to make the Store accessible.

94.   7-Eleven's acts and omissions evince oppressive, fraudulent, or malicious conduct in conscious disregard for the rights or safety of Feezor (and the physically disabled public).

95.   Thus, Feezor, in addition to the actual damages, seeks damages for the sake of example and by way of punishing Defendant under California Civil Code §3294 in a sufficient amount to accomplish that purpose.

96.   Feezor seeks interest under California Civil Code §3291 too.

## XII. PRAYER FOR RELIEF

WHEREFORE, Feezor prays judgment against the 7-Eleven Fitness for:

1.   Injunctive relief, preventive relief, or any other relief the Court deems proper under:
   - 42 U.S.C. §12205;
   - California Civil Code §52;
   - California Civil Code §55; and

---

[24]   Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

Plaintiff's Complaint                                      Feezor v. Carolina Lopez De-Jesus, et al.

- California Health and Safety Code §19953;

2. Declaratory relief that 7-Eleven violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages;

3. Statutory minimum damages under either California Civil Code §52(a) or California Civil Code §54.3(a), but not both, for each actual visit or incident of deterrence (according to the proof);

4. General and special damages in the amount of $100,000.00;

5. For attorneys' fees, litigation expenses and costs of suit pursuant to:

- 42 U.S.C. §12205;
- California Civil Code §52;
- California Civil Code §54.3;
- California Civil Code §55;
- California Code of Civil Procedure §1021.5; and
- California Health and Safety Code §19953;

6. Interest at the legal rate from the date of the filing of this action;

7. Punitive damages pursuant to Civil Code §3294;

8. Prejudgment interest pursuant to Civil Code §3291; and

9. Such other and further relief as the court may deem proper.

DATED: September 22, 2004     LAW OFFICES OF LYNN HUBBARD

_____
LYNN HUBBARD, III
Attorney for Plaintiff

Plaintiff's Complaint                           Feezor v. Carolina Lopez De-Jesus, et al.

# PRELIMINARY  SITE ACCESSIBILITY REPORT

## *7-11*
## *285 Broadway*
## *Chula Vista, California*



7-11
285 Broadway
Chula Vista, CA


1129 B
Fig 21

1. No tow away sign at vehicular driveway or accessible parking space.

### SEE PHOTO No. 1

1129B.5          4.6.4

2. Incorrect parking signage.  No separate van accessible sign.

### SEE PHOTO Nos. 2 and 3

1129 B.5.1&2     4.6.4

3. Accessible parking space and access aisle not outlined white.

CVC 21 458(a)(3)(A)

4. Access aisle not striped in white.

1129B.4.1
Fig 11 B-18 A

5. Missing no parking painted in accessible aisle.

### SEE PHOTO Nos. 4 and 5

1129 B.5         4.7

6. Curb ramp encroaches into accessible aisle.

### SEE PHOTO No. 4

1127 B. 5.8

7. No detectable warnings.

1127 B.5.8       4.29.2

8. Detectable warning not visually contrasting, light on dark or dark on light.

### SEE PHOTO No. 4

1127 B.          36.304

9. No exterior route of travel from the property border.

1127 B. 3

10. No exterior route of travel signs.

| | | |
|---|---|---|
| 1117 B.2 | 4.1.3 | 11.  Public telephone not accessible height. |
| 1117 B.2.8 | 4.1.3 (17) (b)<br>4.31.5 (2) | 12.  Public telephone has no volume control. |
| 1117 B. 5.8.3<br>Fig 11 B.-14C | 4.30.7<br>Fig 43 | 13.  Public telephone has no ISA. |

### SEE PHOTO Nos. 6 and 7

| | | |
|---|---|---|
| 1117 B.5<br>Fig 11 B-6 | 4.30 | 14.  Entrance door has no ISA. |

### SEE PHOTO No. 8

| | | |
|---|---|---|
| 1122 B. 4 | | 15.  Check out counter does not have a section 36 by 24 inches, 34 inches high to accommodate a wheelchair occupant. |
| 1122 B. 4 | | 16.  Self serve/condiment counter does not have a section 36 by 24 inches, 34 inches high to accommodate a wheelchair occupant. |
| 1102 B<br>1114 B.1.2 | 4.3<br>4.3 | 17. No accessible route through store.  At least one aisle is less than 32 inches wide. |

*THIS LOCATION DOES NOT HAVE A PUBLIC RESTROOM*

















JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LARY FEEZOR

**ORIGINAL**

**DEFENDANTS**

CAROLINA LOPEZ DE JESUS dba 7-ELEVEN #13570; 7-ELEVEN INC, ADEL YALDA, and DOES 1 through 10,

**FILED**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **Butte**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

SEP 2 7 2004

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Esq.
Law Offices of Lynn Hubbard, 12 Williamsburg Lane,
Chico, CA 95926

ATTORNEYS (IF KNOWN)

**'04 CV 1954    JAH (JFS)**

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R.& Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Excess $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☑ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  September 22, 2004

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT #  10733   AMOUNT $150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.