USDC SCAN INDEX SHEET

















CAG 12/23/05 15:48

3:04-CV-01954 FEEZOR V. DE-JESUS

*75*

*O.*

FILED
05 DEC 23 PM 12: 13
CLERK. U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

Plaintiff,

v.

CAROLINA LOPEZ DE-JESUS dba 7-ELEVEN # 13570; 7-ELEVEN INC.; ADEL YALDA; and DOES 1 through 10,

Defendants.

Civil No.04cv1954 JAH (JFS)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. NOS. 31 and 53]**

## INTRODUCTION

On August 15, 2005, Defendants Carolina Lopez De-Jesus, 7-Eleven, Inc. and Adel Yalda (collectively "Defendants") filed a motion for summary judgment in this case. Oral arguments were heard on October 27, 2005, with appearances by Steven Wedel for Plaintiff Lary Feezor (hereinafter "Plaintiff") and Lisa Wegner for Defendants. This Court, after hearing the oral argument of counsel, took the matter under submission. Plaintiff subsequently filed nunc pro tunc a motion for summary judgment in the instant case on October 28, 2005. This Court took this matter under submission without oral argument. *See* CivLR 7.1(d.1).

Now, after a careful consideration of the pleadings, relevant exhibits, the oral argument of counsel at the hearing, and for the reasons set forth below, this Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

///

75

## BACKGROUND

### 1. Factual Background[1]

Defendants Carolina Lopez De-Jesus d/b/a 7-Eleven #13750, 7-Eleven, Inc. and Adel Yalda own and operate a 7-Eleven convenience store at 285 Broadway in Chula Vista, California. The store is a sales and retail establishment and is open to the general public. The store was constructed in 1962, prior to the enactment of the Americans with Disabilities Act ("ADA").

Plaintiff Lary Feezor, a resident of El Cajon,[2] California, is a paraplegic requiring the use of a wheelchair. Plaintiff uses a mobility equipped van when traveling. In the Fall of 2003 and early 2004, Plaintiff visited Defendants' store and encountered numerous physical barriers, allegedly in violation of the ADA. This lawsuit emerged as a result of Plaintiff's visits to Defendants' store.

### 2. Procedural History

On September 27, 2004, Plaintiff Lary Feezor ("Plaintiff") filed a complaint alleging violations under the ADA, Disabled Persons Act, Unruh Civil Rights Act, the California Health and Safety Code, and the Unfair Business Practices Act. In his complaint, Plaintiff also alleges negligence per se. In support of his complaint, Plaintiff points to numerous structural deficiencies at Defendants' store, alleging the store contains "barriers (both physical and intangible) that interfered with–if not outright denied–his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." Cplt. at 3.

On November 10, 2004, Defendants filed nunc pro tunc a notice of motion and motion to dismiss under Fed. R. Civ. P. 12(b)(6), and a motion to strike portions of Plaintiff's complaint. Docs. No. 4-6. Defendants filed amended motions to dismiss and strike portions of Plaintiff's complaint on November 17, 2004. Docs. No. 9-12. An opposition to Defendants'

---

[1] These facts are taken from the parties' statement of uncontroverted facts and their subsequent response. *See* Doc. Nos. 35, 44, 55 and 66.

[2] El Cajon, according to Plaintiff's statement of facts, is approximately 17 miles away from Defendants' store. *See* Doc. No. 55 at 2.

motion was filed by Plaintiff on December 3, 2004. Doc. No. 13. Defendants filed a reply on December 29, 2004. Doc. No. 15. Defendant Yalda filed a simultaneous reply on December 29, 2004, answering Plaintiff's complaint. Doc. No. 16. The parties stipulated to waiver of oral argument, prompting the Court to take this matter under submission. Doc. No. 20.

On February 7, 2005, Defendant Adel Yalda substituted attorney William J. Hatcher for Julie Trotter, who represents all other defendants in this matter. Doc. No. 21.

The Court issued an order on June 8, 2005, denying Defendants' motion to dismiss and granting in part Defendants' motion to strike. Doc. No. 25. The Court ordered Plaintiff to file an amended complaint, which was filed on June 20, 2005. Doc. No. 28. On July 13, 2005, Defendants filed an answer to Plaintiff's first amended complaint. Doc. No. 29.

Defendants' motion for summary judgment, or in the alternative summary adjudication, was filed on August 15, 2005. Doc. Nos. 31-36. Plaintiff requested a continuance of the matter in order to conduct a further site inspection in response to Defendants' motion for summary judgment. Doc. No. 38. Defendants filed an opposition on September 26, 2005. Doc. No. 41. Defendants also filed a motion declaring non-opposition by Plaintiff on September 26, 2005. Doc. Nos. 39-40. The Court denied Plaintiff's request, and ordered Plaintiff to respond to Defendants' pending motion by October 11, 2005. Doc. No. 42. Plaintiff filed a response to Defendants' motion for summary judgment on October 4, 2005. Doc. Nos. 43-46. Defendants filed a reply to Plaintiff's opposition on October 13, 2005. Doc. Nos. 48-51. Oral arguments were heard on October 27, 2005, and the matter subsequently taken under submission by this Court.

Plaintiff filed his own motion for summary judgment, or in the alternative summary adjudication, on October 28, 2005. *See* Doc. No. 53. Defendants filed an opposition on November 29, 2005. Doc. No. 62. Plaintiff filed a reply on December 8, 2005. *See* Doc. No. 73. Plaintiff's motion for summary judgment was taken under submission without oral argument under CivLR 7.1(d.1). *See* Doc. No. 72.

///

///

## ANALYSIS

### 1. Legal Standard

#### A. Summary Judgment Motion

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." Id. at 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the moving party's claim. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for entry of judgment, as set forth in Rule 56(c), is satisfied." Lujan, 497 U.S. at 885 (quoting Celotex, 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient. *See* Schneider v. TRW, Inc., 938 F.2d 986, 990-91 (9th Cir. 1991). A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626,

630 (9th Cir. 1987) (citing Anderson, 477 U.S. at 255).

**B. Americans with Disabilities Act ("ADA")**

In 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title III of the ADA protects against discrimination by private entities against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. 12182(b)(2)(A)(iv). To succeed on an ADA claim, plaintiff must prove that (1) he is disabled; (2) the subject facility is a place of "public accommodation;" (3) the existing facility contains an architectural barrier prohibited by the ADA; and (4) removal of the barrier is readily achievable. *See* Parr v. L & L Drive-Inn Rest., 96 F.Supp.2d 1065 1085 (D.Haw. 2000).

**2. Analysis**

Defendants seek summary judgment on the following grounds:

- Plaintiff lacks standing because he admitted in deposition testimony that he has no intent to return to Defendants' store;
- Plaintiff's ADA claims are moot because the deficiencies cannot be claimed by Plaintiff and/or all of the deficiencies have been addressed; and
- Supplemental jurisdiction of the remaining state claims is not appropriate.

Because Plaintiff's alleged lack of standing is a threshold matter for this Court, the Court must address this issue first. *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 84, 94-95 (1998); State of Nev. v. Burford, 918 F.2d 854, 856 (9th Cir. 1990) (standing is a threshold question that must be found before the court can assert its jurisdiction).

**A. Standing**

Defendants contend that Plaintiff lacks standing because he admitted that he has no intent to return to Defendants' store, even if all of the barriers were removed. Doc. No. 32 at 1. Defendants point to the following deposition testimony in support of their argument:

Q: Since your second visit to 7-Eleven in early 2004, have you returned to that 7-Eleven?

A: No.
Q: Have you been to Chula Vista since then?
A: Yes.
Q: Why didn't you go to the 7-Eleven?
Mr. Hubbard: Excuse me for a second.
The Witness: They haven't made any changes that I know of.
By Mr. Taylor:
Q: Did you drive by the –
A: And I haven't had any – No, I haven't driven by. *I have no reason to go back there. I want all the changes made, but I'm not going to go back there.*
Q: *Even if 7-Eleven made all the changes that you request in your letter and in your lawsuit, would you return to that 7-Eleven?*
A: *No, sir.*

Feezor Deposition at 103:8 - 104:1, June 22, 2005 (emphasis added).

Plaintiff counters that he does not lack standing because he "amended his deposition testimony; specifically, correcting his testimony with regards to whether he would visit the subject 7-Eleven in the future." Doc. No. 43 at 2. Plaintiff submitted the following corrections to Defendants on July 25, 2005:

Pending Question: Did you drive by the –
Previous Answer: . . . I want all the changes made, but I'm not going to go back there.
Amended Answer: . . . I want all the changes made, ***then I'll*** go back there.

Pending Question: Even if 7-Eleven made all the changes that you request in your letter and in your lawsuit, would you return to that 7-Eleven?
Previous Answer: No, sir.
Amended Answer: ***Yes,*** sir.

Doc. No. 46 (Lary Feezor Declaration) at Exh. B (deleted text in underline, replaced text in bold italics). As an explanation for his amendments, Plaintiff claims that he was confused and felt humiliated and degraded from counsel's line of questioning. Specifically, Plaintiff felt that counsel treated his disability "in a manner that was degrading to me and made me feel like [counsel] was discriminating against me." Id. at 2. He further claims that he became emotional regarding any visits to Defendant's store. Id. Plaintiff contends, as a result of this treatment, he became "frustrated and confused." Id. He concludes that he "misunderstood the question, thinking that Mr. Taylor asked if I would return to the store if 7-Eleven *did not* make the changes." Id.

Defendants counter in their reply that Plaintiff could not have misunderstood the question because there was no question pending in the first exchange. Doc. # 48 at 3. Defendants point out that Plaintiff added without any prompting: "I have no reason to go back

there. I want all the changes made, but I'm not going to go back there." Id. Defendants point out that their follow-up question asking Plaintiff pointedly if he was going to return to the store was answered with a simple "No, sir."

Defendants also point out in their reply that Plaintiff repeated his admission earlier in the deposition, but failed to amend his testimony. *See* Doc. No. 48 at 3. In this exchange, Plaintiff Feezor was questioned regarding his visits to Defendants' store:

Q: How many times have you visited that 7-Eleven?
A: At least twice. *But not anymore. I'm not going back. I don't feel safe there.*

Id., citing Doc. No. 51 at Exh. A, Feezor Depo. at 45:17-20 (emphasis added).

a. Standing Requirements Under the ADA

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). In Lujan v. Wildlife Defenders, 504 U.S. 555 (1992), the Supreme Court enumerated three minimal constitutional requirements for standing: 1) the injury must be traceable to the challenged action; 2) the injury must be redressable; and 3) the plaintiff must have suffered an injury in fact. Id. at 560-561. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137 (9th Cir. 2002). "By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." Lujan, 504 U.S. at 560 n.1.

To comply with the standing requirement in ADA cases, plaintiff must allege discrimination in a public accommodation, and that there is a "real or immediate threat that the [public accommodation] will again subject [him] to discrimination." Bird v. Lewis & Clark College, 303 F.3d 1015, 1020 (9th Cir. 2002), citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Thus, standing requires not only discriminating behavior at the time the complaint is filed, but also that plaintiff will return to the public accommodation in the future, and will suffer discrimination if the alleged harms are not remedied. In Bird, the Ninth Circuit found no standing to change the college program complained of where plaintiff did not allege

that she planned to return to the college, or that she planned to participate in any of their programs. Id.; *see also* Shotz v. Cates, 256 F.3d 1272, 1280-1281 (11th Cir. 2001). Similarly, if Plaintiff does not intend to return to Defendants' store in the future, he would have no standing to pursue the pending action under the ADA. Because Plaintiff has already admitted in deposition testimony that he will not return to Defendant's store, the crux of this issue, therefore, lies in Plaintiff's ability to correct his deposition to reflect on the record that he does intend to visit Defendants' store in the future.

b. Correction of Deposition Testimony

The Ninth Circuit recently considered the extent to which a party can make corrections to deposition testimony. In Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217 (9th Cir. 2005), plaintiff attempted to make corrections to his deposition testimony after summary judgment was filed against plaintiff by defendant. In his corrections, plaintiff "expanded upon and rewrote portions of [plaintiff's] deposition testimony, including for the first time new accusations implicating [defendant]." Id. at 1223. Although the court ruled that the corrections were untimely,[3] the court also particularly noted the magistrate judge's reservations regarding timing of the corrections, as well as the substantive changes that were made to the deposition testimony. Id. at 1225. The court noted that Fed. R. Civ. P. 30(e), although allowing corrections in form or substance, "does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." Id. The Ninth Circuit found that it would be appropriate to evaluate deposition corrections under the same standards as "sham affidavit" entries. Id. citing Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). The court concluded by holding "[w]e agree with our sister circuits' interpretation of FRCP 30(e) on this point, and hold that *Rule 30(e) is to be used for corrective, not contradictory, changes*." Id. at 1225-1226 (emphasis added).

Here, Plaintiff proposed changes that were contradictory to his original deposition

[3]The Ninth Circuit in Hambleton also ruled that the district court properly rejected the deposition corrections as untimely under Fed. R. Civ. P. 30(e), which the Ninth Circuit confirmed was within the discretion of the District Court. Defendants here do not allege any issue regarding untimeliness of the corrections.

testimony. Plaintiff's changes transformed his answer in regards to a direct question on whether he will be visiting Defendants' store at a future date from an unambiguous "no" answer during his deposition to "yes". *See also* Williams Hughes v. California State Automobile Association, 2005 WL 911018 at *2 n.4 (N.D. Cal. Apr. 20, 2005) (Court denied plaintiff's attempt to "completely reverse her testimony given at deposition."). These changes are clearly contradictory to his deposition transcript, and under Hambleton are not permitted.

Plaintiff's explanation that he felt humiliated by counsel's line of questioning, and became confused as to the question is not persuasive to this Court. As Defendants point out, there was no question pending at the time Plaintiff stated "I want all the changes made, but I'm not going to go back there." *See* Doc. No. 32. The corrections that Plaintiff requests to make to his deposition as a result of his alleged confused state, therefore, are not supported by the record.

Plaintiff also argues that Hambleton is inapposite because, unlike the situation in Hambleton, Defendants had not yet filed a motion for summary judgment when Plaintiff filed his deposition corrections. Doc. No. 43 at 2.[4] Defendants counter that Plaintiff did know that a motion for summary judgment "was on the table" at the time the corrections were made. Doc. No. 48 at 5. Defendants point to their letter of June 23, 2005, notifying Plaintiff of their intention to file summary judgment if Plaintiff does not dismiss the case.[5]

As mentioned above, the Hambleton court specifically noted the "seemingly tactical timing" of plaintiff's corrections as "purposeful rewrites tailored to manufacture an issue of

---

[4]Plaintiff argues, in part, that Hambleton does not apply because the changes made were not "'11th hour deposition change[s],' and the Hambleton Court decided that such a late-in-the-game change was solely to create an issue of material fact so as to survive the motion for summary judgment at issue in that matter." Doc. No. 43 at 2.

[5]Letter from Gregory Taylor to Lynn Hubbard, attaching portions of Plaintiff's deposition transcript. The relevant portion of the letter states:

> Please respond by close of business on Monday, June 27, 2005, with notice of your intention to dismiss this case. Otherwise, you are hereby put on notice that we intend to move for summary judgment and sanctions.

Doc. No. 33 at Exh. A.

material fact regarding [defendant] and to avoid a summary judgment ruling in his favor." Hambleton, 397 F.3d at 1225. Plaintiff here also had notice of Defendants' intention to file a summary judgment based at least partially on Plaintiff's testimony. Plaintiff's timing of filing corrections only after prompting by Defendants and under threat of a summary judgment, therefore, agrees with the facts in Hambleton. Like Hambleton, this Court finds that Plaintiff should not be allowed to rely on corrections that would contradict his deposition testimony in order to create a genuine issue of material fact, and avoid summary judgment.

Moreover, Plaintiff did not correct a deposition exchange that was not earlier pointed out to Plaintiff. In an earlier deposition exchange, Plaintiff, without prompting or questioning by the examining attorney stated unequivocally "I'm not going back." *See* Doc. No. 51 at Exh. A, Feezor Depo. at 45:17-20. This uncorrected deposition exchange, together with Plaintiff's later deposition testimony, makes clear his intentions that he will not go back and patronize Defendant's store. With such intentions, Plaintiff does not have standing to assert his discrimination claims against defendant. Accordingly, this Court GRANTS Defendants' motion for summary judgment.

**B. Additional Arguments**

Because Plaintiff cannot establish standing as stated above, and therefore cannot overcome the threshold required for this Court to establish jurisdiction in this matter, the Court finds it unnecessary to reach the merits of the parties' additional arguments. Accordingly, for the reasons stated above, this Court GRANTS Defendants' motion for summary judgment in regards to Plaintiff's ADA claim, and DENIES Plaintiff's motion for summary judgment.

**C. Supplemental Jurisdiction under 28 U.S.C. § 1367**

Defendants contend that, pursuant to 28 U.S.C. § 1367(c)(2), the Court should decline to exercise supplemental jurisdiction over all the state law claims because state law issues predominate. *See* Doc. No. 32 at 14. Plaintiff, in its opposition, does not address why the court should retain jurisdiction if the federal ADA claims are dismissed. *See* Doc. No. 43 at 11.

It is well within a court's discretion to exercise supplemental jurisdiction over state law

claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Schneider v. TRW, Inc., 930 F.2d 986, 994 (9th Cir. 1991). However, a court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C § 1367(c) (West 2005). When deciding whether to exercise supplemental jurisdiction, a court should consider judicial economy, convenience, fairness and comity. Gibbs, 383 U.S. at 726. The balance of factors tips in favor of declining supplemental jurisdiction when federal claims have been dismissed from a lawsuit. Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gibbs, 383 U.S. at 726; Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

Here, the Court has dismissed Plaintiff's federal ADA claims, leaving only state law claims. Moreover, the remaining Unruh Civil Rights Act, California Disabled Persons Act and California Unfair Business Practices law present novel and complex issues, further tipping the balance of factors in favor of declining jurisdiction. *See* Molski v. Mandarin Touch, 359 F.Supp.2d 924, 937 (C.D. Cal. 2005). This Court, therefore, finds it appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the remaining state law claims are DISMISSED.

///

///

///

///

///

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [Doc No. 31] is **GRANTED**.

2. Plaintiff's motion for summary judgment [Doc. No. 53] is **DENIED**.

3. The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: December 22, 2005

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Stormes
All Counsel of Record